UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ELLEN TIM,

    Plaintiff,

v.                                          CASE No. 8:18-cv-1392-T-TGW

ANDREW SAUL,
Commissioner of Social Security,[1]

    Defendant.
_____

## ORDER

The plaintiff in this case seeks judicial review of the denial of her claim for supplemental security income payments. Because the decision of the Commissioner of Social Security is supported by substantial evidence and the plaintiff has not identified any reversible error, the decision will be affirmed.

I.

The plaintiff, who was fifty-two years old at the time of the most recent administrative hearing, and who has a ninth grade education, has no

---

[1]Andrew M. Saul became the Commissioner of Social Security on June 17, 2019, and should be substituted as the defendant. See Fed. R. Civ. P. 25(d).

past relevant work (Tr. 20, 52). She filed a claim for supplemental security income, alleging that she became disabled due to back problems, hypertension, acid reflux and arthritis in her hands (Tr. 107). The claim was denied initially and upon reconsideration.

The plaintiff, at her request, then received a de novo hearing before an administrative law judge. The law judge found that the plaintiff had severe impairments of hypertension, hyperlipidemia, cervical degenerative disc disease and obesity, but was not disabled (Tr. 135, 142). Upon the plaintiff's request, the Appeals Council reviewed that decision, and remanded the matter to the law judge for further consideration of the plaintiff's maximum residual functional capacity and to provide a rationale with specific references to evidence in support of the assessed limitations (Tr. 151–52).

On remand, the plaintiff received another hearing before the same law judge. The law judge issued a new decision, finding that the plaintiff has severe impairments of "hypertension, hyperlipidemia, cervical spine degenerative disk disease, lumbar spine degenerative disk disease with moderate osteoarthritis and osteophyte formation, and obesity" (Tr. 15). He concluded that the plaintiff has the following residual functional capacity (Tr. 16):

> [The ability] to lift and carry up to 20 pounds occasionally; sit for 5 hours at a time, for a total of 6 hours in an 8-hour workday; stand and walk 1 hour each at a time, for a total of 2 hours each in an 8-hour workday; frequently use hands for reaching, handling, fingering, feeling, pushing or pulling; frequently use right f[oo]t and occasionally use left foot for operation of foot controls; and occasionally perform all the postural activities, except for never climbing ladders or scaffolds. She has occasional environmental limitations, including extremes of temperature, unprotected heights, operating a motor vehicle and loud traffic.

The law judge found that the plaintiff had no past relevant work (Tr. 20). However, based upon the testimony of a vocational expert, the law judge determined that, with the plaintiff's limitations, there were jobs that exist in significant numbers in the national economy that a person with the plaintiff's residual functional capacity could perform, such as a filter assembler (Tr. 20–21).[2] The law judge therefore decided that the plaintiff was not disabled (Tr. 21). The Appeals Council let this decision of the law judge stand as the final decision of the Commissioner (Tr. 1).

---

[2]The vocational expert testified that a filter assembler "tak[es] pre-formed pieces...[for] air conditioner filters, car filters, [or] a number of different types of filters" and "put[s] together the pieces" (Tr. 73).

II.

In order to be entitled to supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 1382c(a)(3)(D).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings."

Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

III.

The plaintiff states two broad and vague issues at the beginning of her memorandum (Doc. 18, p. 2). However, the Scheduling Order and Memorandum Requirements issued in this case requires the plaintiff to identify "with particularity the discrete grounds upon which the administrative decision is being challenged" (Doc. 16, p. 2). Since the general issues stated at the outset do not meet that requirement, they will be disregarded.

The issue enumerated at the beginning of the plaintiff's argument is not much better (Doc. 18, p. 5). Nevertheless, since that issue was at least developed, it will be evaluated.[3]

The plaintiff argues that, given her "age of 50 years old on the amended alleged onset date, her limited education, the lack of past relevant work, and the finding that she could lift and carry up to 20 pounds occasionally... §201.09 [of the Guidelines for sedentary work] is applicable and directs a finding of 'disabled'" (id.). The Guidelines, also known as the

---

[3]In light of the Scheduling Order and Memorandum Requirements, any other challenge is deemed forfeited (Doc. 16, p. 2). See also Sanchez v. Commissioner of Social Security, 507 Fed. Appx. 859 n.1 (11th Cir. 2013) (the plaintiff waived any challenge to the law judge's determination that was not adequately raised).

"grids," are regulations designed to incorporate vocational factors into the determination of disability claims. See 20 C.F.R. Part 404, Subpart P, Appendix 2; 20 C.F.R. 416.969. They apply when a claimant's medical condition is severe enough to prevent her from returning to her former employment, but may not be severe enough to prevent her from engaging in other substantial gainful activity. If an individual's situation coincides with the criteria listed in a rule, that rule directs a conclusion as to whether the individual is disabled. 20 C.F.R. 416.969.

The plaintiff's argument fails. It is based on the erroneous assumption that the plaintiff was limited to sedentary work. The law judge determined that the plaintiff could perform a range of light work (Tr. 21). Therefore, §201.09 is inapplicable.

The law judge did not rely upon the Guidelines in deciding the plaintiff's claim. Rather, he obtained the testimony of a vocational expert to determine whether the plaintiff was disabled. That was the proper approach in this case. See Phillips v. Barnhart, 357 F.3d 1232, 1242 (11th Cir. 2004) ("Exclusive reliance on the grids is not appropriate either when [the] claimant is unable to perform a full range of work at a given residual functional level or when a claimant has non-exertional impairments that significantly limit

basic work skills."); Allen v. Sullivan, 880 F.2d 1200, 1202 (11th Cir. 1989).

As the law judge explained (Tr. 21):

> If the claimant had the residual functional capacity to perform the full range of light work, a finding of "not disabled" would be directed by Medical-Vocational Rule 202.10. However, the claimant's ability to perform all or substantially all of the requirements of this level of work has been impeded by additional limitations.
>
> To determine the extent to which these limitations erode the unskilled light occupational base, the Administrative Law Judge asked the vocational expert whether jobs exist in the national economy for an individual with the claimant's age, education, work experience, and residual functional capacity.

In this regard, the law judge asked the vocational expert this hypothetical question (Tr. 68):

> Q: [T]his individual [is] approaching advanced age, 52, ninth grade education with no...past relevant work....Lifting and carrying 20 pounds occasionally....[T]he claimant can sit five hours without interruption, stand only one hour and walk only one hour [without interruption]. In a total eight-hour day sit six, stand two, walk two, doesn't need a cane. Can frequently use her hands, one third to two thirds of the time for all reaching, fingering, feeling, pushing, pulling, same for her feet, right foot frequently, one third to two thirds for foot controls, left foot, occasionally up to one third of the day. Can occasionally do all posturals

> except climbing ladders or scaffolds and...has occasional environmental limitations, including extremes to temperature, unprotected heights, operating a motor vehicle, loud traffic. With those limitations, can you describe a job consistent with the DOT?
>
> A: Assembly such as filter assembler, DOT number 739.687-026[. It] is light with an SVP: 2, approximately 50,000 [jobs] nationally.

The operative hypothetical question matches the law judge's determination of the plaintiff's residual functional capacity (compare Tr. 16 with Tr. 68). Therefore, the vocational expert's testimony that the plaintiff could be a filter assembler constitutes substantial evidence that the plaintiff was not disabled. Wilson v. Barnhart, 284 F.3d 1219, 1227 (11th Cir. 2002) (A vocational expert's testimony constitutes substantial evidence when the law judge poses a hypothetical question which comprises all of the claimant's impairments.). Notably, the filter assembler job allows the plaintiff to sit or stand at her option, so that it is less exertional than her residual functional capacity (Tr. 69).

The plaintiff argues that the law judge erred in finding that she could perform a light exertional job (see Doc. 18, p. 7). She asserts (id.):

> [T]his finding that the Plaintiff could perform light work is contradicted in all definitional parameters

of work at such an exertional level. Per the residual functional capacity found in the decision, her ability to stand/walk is severely limited, her ability to lift/carry is up to twenty pounds occasionally, with no finding of an ability to frequently lift/carry at any weight level, and even the use of her upper and lower extremities is compromised.

This cryptic argument is unavailing. To the extent that the plaintiff is arguing that the limitation on walking or standing places the job in the sedentary category, that contention is mistaken. It is the requirement to lift and carry twenty pounds that makes the job light work. Thus, the law judge asked the vocational expert (Tr. 68–69):

> Q: [J]ust to get clarification...with the restriction of...five hours...of sitting, one hour of standing and one-hour walking, and in an eight-hour day sitting six, standing two and walking two per exhibit 25-F, 10, what makes this a light job?
>
> A: Well, it can be, some of the pieces are over ten pounds, but the DOT doesn't really just prescribe a specific time for standing and walking or sitting, [it] would be the exertional levels that might be used, picked up, moved.

Furthermore, the law judge inquired whether the filter assembler job could accommodate the plaintiff's allegation that she could only sit for 15–20 minutes, and stand for 15 minutes, at one time (Tr. 69). The vocational

expert responded, "It is a job that is performed in many places with a change of position, so yeah, it can be performed either sitting or standing" (Tr. 69). Therefore, the law judge concluded that, "even using the claimant's seemingly exaggerated and unsupported testimony regarding...[her] sit-stand limitations, the aforementioned job would remain" (Tr. 21).

The plaintiff also argues that she does not have the residual functional capacity to be a filter assembler because it involves frequently lifting and carrying 10 pounds or less, and the law judge did not state that the plaintiff is "ab[le] to frequently lift/carry at any weight level" (Doc. 18, p. 7). Furthermore, she contends "[i]t is clear that the decision's intent is a finding [of]...occasional lifting up to twenty pounds, and at all weight levels below that" (id.). The Commissioner correctly responds that the plaintiff's contention "is belied by a review of the decision" (Doc. 20, p. 11).

Thus, the law judge expressly rejected the consultative examiners' opinion that the plaintiff could only lift and carry up to 10 pounds occasionally, stating that those opinions "simply w[ere] not supported within the evidence" (Tr. 18, 19). The law judge explained his reasoning for that finding (Tr. 19):

> [I]t was...[un]clear how [consultative examiner] Dr. [Bhupendra] Gupta reach[ed] this conclusion as he assessed 5/5 strength throughout including in the hands, supportive that the claimant was even less limited than assessed by [consultative examiner] Dr. [Eniola] Owi. As noted the claimant consistently exhibited normal strength in the upper extremity with [Dr. Owi finding] only a very slight [4+/5] seemingly transient reduction in right grip strength. Reasonably, this sole part of Dr. Owi's [and Dr. Gupta's] assessment was flawed given the overwhelmingly unremarkable clinical examination findings. Therefore, <u>the undersigned does not find the 10 pound occasional lifting and carrying limitation has any merit.</u>

(emphasis added).

Moreover, the law judge repeated his rejection of this limitation at the end of the decision. He stated (Tr. 22):

> The [plaintiff's] representative questioned the vocational expert regarding the enclosed RFC, emphasizing that the lifting and carrying was 20 pounds occasionally and <u>10 pounds occasionally</u>. The vocational expert responded that with everything else combined that she believed [a 10-pound occasional lift/carry limitation] would be more sedentary. As previously explained, <u>the evidence did not support this additional limitation.</u> Therefore, the undersigned finds the representative's argument had no merit.

(emphasis added). Consequently, it is indisputable that the law judge rejected a limitation to occasional lifting and carrying of 10 pounds or less.

-12-

Furthermore, it is implicit in the law judge's decision that he found the plaintiff could frequently lift or carry 10 pounds or less. Thus, the law judge determined that the plaintiff could perform a range of "light work," and discussed the erosion of the "light" occupational base (Tr. 21). The law judge also specified that he "formulated a...light RFC [residual functional capacity]" (Tr. 19). The definition of light work includes "frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. 416.967(b). The law judge's finding that the plaintiff can "frequently use her hands" (Tr. 16) is also consistent with that determination.

Therefore, the law judge's express rejection of the 10-pound occasional limitation, coupled with his finding that the plaintiff could perform a range of light work (Tr. 21), shows that the law judge implicitly found that the plaintiff could frequently lift and carry up to 10 pounds. See Tieniber v. Heckler, 720 F.2d 1251, 1255 (11th Cir. 1983) (credibility findings may be by implication if they are obvious to the reviewing court); Carson v. Commissioner of Social Security, 373 Fed. Appx. 986, 989 (11th Cir. 2010) (the law judge's finding was an implicit rejection of the doctors' opinions); Wind v. Barnhart, 133 Fed. Appx. 684, 692 (11th Cir. 2005) (although the law

judge did not explicitly state he was crediting a physician's opinion, the law judge's reliance on that opinion was implicit in his findings).

Importantly, moreover, the vocational expert understood that the operative hypothetical question included frequent lifting/carrying of 10 pounds or less. Thus, in response to the law judge's hypothetical question, the vocational expert responded that the plaintiff could do a light exertional job (Tr. 68). The vocational expert's understanding is also apparent from her response to this question from the plaintiff's representative (Tr. 70):

> Q: I believe [that the law judge's hypothetical question] was 20 pounds occasionally, with no limitation on frequent, it wasn't mentioned. What if it was 20 pounds occasionally, but up to ten pounds occasionally as well? Would that change your [opinion if she could lift/carry] up to ten pounds...only up to one third [of the] day?
>
> A: With everything else combined, at that point, I believe it would be more sedentary.

Therefore, the vocational expert clearly understood that the law judge's pertinent hypothetical question included a light exertional limitation on lifting and carrying.

In sum, although the law judge did not specify in the residual functional capacity that the plaintiff could frequently lift/carry 10 pounds or

-14-

less, that finding was implicit in the decision, and the vocational expert's testimony was based on that understanding. Therefore, an error in not expressly stating that the plaintiff had the ability to lift and carry up to ten pounds frequently was harmless, and judicial review in this case would not be meaningfully aided by remanding this case for the law judge to specifically state this finding in the decision. See Denomme v. Commissioner of Social Security, 518 Fed. Appx. 875, 877 (11th Cir. 2013) (citing Diorio v. Heckler, 721 F.2d 726, 728 (11th Cir. 1983) (An error is harmless when the correction of an error would not change the law judge's ultimate finding, and the law judge's decision is appropriately affirmed.); see also Sanchez v. Commissioner of Social Security, supra, 507 Fed. Appx. at 856; Brown v. Commissioner of Social Security, 680 Fed. Appx. 822, 824–25 (11th Cir. 2017).[4]

---

[4] Additionally, the plaintiff contends that the law judge did not comply with the Appeals Council's Remand Order. It stated, among other things, that the law judge did not address in that decision Dr. Owi's opinion that the plaintiff was limited to occasionally lifting/carrying up to 20 pounds and that no reason was provided for rejecting this opinion (Doc. 18, p. 7). The law judge complied with this directive, as he expressly rejected in this decision that aspect of Dr. Owi's opinion and stated a reasonable explanation for doing so (see Tr. 18–19, 22). The Appeals Council affirmed that decision, stating that "We have found no reason under our rules to review the Administrative Law Judge's decision" (Tr. 1). Therefore, this argument is unavailing.

Moreover, the record contains a medical opinion that the plaintiff can frequently lift/carry objects weighing 10 pounds or less (Tr. 124). State reviewing physician Dr. Charles Moore opined that the plaintiff could perform light work, specifying that the plaintiff could frequently lift/carry 10 pounds or less (id.). The plaintiff seeks to disregard this opinion because the law judge gave it limited weight (Doc. 18, p. 8). However, the law judge did not entirely reject Dr. Moore's opinion. The law judge stated that Dr. Moore (Tr. 19):

> assess[ed] that the claimant could perform a much fuller range of light [work] that had fewer limitations. Given the evidence of record, the undersigned formulated a more restrictive light RFC; thus, the undersigned accords limited weight to this opinion.

Therefore, the law judge discounted Dr. Moore's assessment only to the extent that it opined less restrictive limitations than in his determination of the plaintiff's residual functional capacity (see id.). Thus, Dr. Moore's opinion supported the law judge's implicit finding that the plaintiff could frequently lift or carry up to ten pounds.

Furthermore, the plaintiff's suggestion that the residual functional capacity must be based upon a medical opinion has been rejected

by the Eleventh Circuit Court of Appeals. Green v. Social Security Administration, 223 Fed. Appx. 915, 923 (11th Cir. 2007); Castle v. Colvin, 557 Fed. Appx. 849, 853–54 (11th Cir. 2014). Thus, the Eleventh Circuit rejected the argument that a claimant's residual functional capacity "should have been underpinned by a medical source opinion." Castle v. Colvin, supra, 557 Fed. Appx. at 854. It explained that the law judge was not "play[ing] doctor" in assessing the plaintiff's residual functional capacity, "but instead properly carried out his regulatory role as an adjudicator." Id. at 853.

It is, therefore, upon consideration,

ORDERED:

That the Commissioner's decision is hereby **AFFIRMED**. The Clerk shall enter judgment in accordance with this Order and **CLOSE** this case.

DONE and ORDERED at Tampa, Florida, this 18th day of September, 2019.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE